Mr. G. Wayne Greathouse Interim Executive Director Arkansas Teacher Retirement System 1400 West Third Little Rock, AR 72201
Dear Mr. Greathouse:
I am writing in response to your request for an opinion on whether the language in A.C.A. § 24-1-106 can be applied to prevent the granting of a routine cost-of-living adjustment ("cola") pursuant to A.C.A. § 24-7-713
where the Teacher Retirement System's amortization period is over thirty years. In statutory terms, your question is whether a cost-of-living adjustment is a "benefit enhancement" as that term is used in Ark. Code Ann. § 24-1-106, which prohibits benefit enhancements when unfunded liabilities exceed thirty years. It appears that you are asking this question with regard to current retirees.
RESPONSE
It is my opinion that the answer to this question is in all likelihood "no," although as discussed below, I believe legislative clarification would be beneficial.
Section 24-1-106 provides in relevant part that:
 No benefit enhancement provided for by . . . 24-7-713 . . . shall be implemented by any publicly supported system which has unfunded actuarial liabilities being amortized over a period exceeding thirty (30) years until the unfunded actuarial accrued liability is reduced to a level less than the standards prescribed by § 24-1-101 et seq.
This reference to § 24-7-713 in A.C.A. § 24-1-106[1] is derived from Act 400 of 1999 (see "History" of A.C.A. § 24-1-106), which amended §24-7-713 in several respects regarding monthly benefits under the Arkansas Teacher Retirement System ("System"). Subsection (a) of Section24-7-713 contains the so-called "cola." This provision has always been a part of the Teacher Retirement System laws. See Act 93 of 1957; Act 42 of 1971; Act 427 of 1973. These laws, the most recent revision of which is found in Act 427 of 1973, have historically required that a retiree's monthly benefit be redetermined annually to reflect a cost-of-living increase, based on the federal consumer price index ("CPI"). Id. at § 9. This reference to the CPI was eliminated by Act 400 of 1999 and replaced by a fixed 3% rate. See Acts 1999, No. 400, § 1. As amended, subsection (a) of § 24-7-713 states:
 (a)(1) Beginning with the July 1 which is at least twelve (12) full months after the effective date of a monthly benefit, the amount of the benefit shall be redetermined effective each July 1, and the redetermined amount shall be payable for the ensuing year.
 (2) The redetermined amount shall be the base amount multiplied by the following percent: One hundred percent (100%) plus three percent (3%) for each full year, but excluding any fraction of a year, in the period from the effective date of the base amount to the current July 1.
A.C.A. § 24-7-713 (Supp. 2001).
The question is whether this historical annual benefit redetermination is a "benefit enhancement" as referenced in A.C.A. § 24-1-106, supra.[2]
The question arises because Act 400 of 1999 did not simply revise the cola under § 24-7-713 (a). It also amended subsection (b) of § 24-7-713
to provide an increase in benefits of up to $200 per month. See Acts 1999, No. 400, § 1. Section 24-7-713 (b) states in relevant part:
 Effective July 1, 1999, subject to the minimum financial conditions set forth in § 24-7-718,[3] retirees and beneficiaries shall receive an increase in benefits of not less than fifty dollars ($50.00) per month. Provided, the Board of Trustees of the Arkansas Teacher Retirement System may elect and is granted authority to increase the benefit to retirees in an amount determined by the board, except that the benefit increase shall not exceed two hundred dollars ($200) per month.
A.C.A. § 24-7-713(b)(1) (Supp. 2001) (emphasis added).
The legislature has thus very clearly subjected the benefit increase under § 24-7-713(b) to "minimum financial conditions." No such language appears in § 24-7-713(a). The history of § 24-7-713(b) reveals that this is consistent with previous treatment of special benefit increases, as compared to the cola. See, e.g., Act 802 of 1987 and Act 44 of 1991, and n. 3, supra discussing Act 44 of 1991.
As noted, the cola has always been provided under the System, and according to my review it has never been characterized as a "benefit enhancement." While the cola obviously increases the monthly benefit, it appears to be distinguishable from the special increases provided under §24-7-713 (b) which, unlike the cola, are not premised upon a redetermination of benefits to maintain a standard of living. With regard to the "no benefit enhancement" statement in A.C.A. § 24-1-106 as regards A.C.A. § 24-7-713, I believe this may be explained as boiler plate language that was included in Act 400 of 1999 (see n. 2, supra) to be consistent with the general requirement in A.C.A. § 10-3-702 (Repl. 2002) that the "no benefit enhancement" language must be included in any bill that amends a public retirement system law by "increasing the multiplier, changing terms of or allowing the purchase of credited service, shortening vesting periods or shortening the years of service required for standard retirement without penalty, or which would establish a new or expanded public retirement program . . ." Id. at subsections (b)(3) and (b)(4) (emphasis added). This language would not include the cola.
In my opinion, therefore, the cola can be provided under § 24-7-713(a) as amended, i.e., using the fixed 3%, without regard to the limitation in A.C.A. § 24-1-106.[4]
I must note, however, that the proper construction of the statutes is not entirely free from doubt and legislative clarification would be helpful.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Section 24-1-106 refers to numerous other acts, which I have omitted from the above quotation with the use of ellipses, all containing similar language conditioning the "benefit enhancement" on the stated minimum financial conditions. The language of § 24-1-106 is derived from these other various acts, presumably through action of the Code Revision Commission as a means of centralizing these provisions.
[2] As indicated above, § 24-7-713 is included in § 24-1-106 because of Act 400 of 1999. Section 2 of Act 400 stated that:
 No benefit enhancement provided for by this act shall be implemented if it would cause the publicly supported retirement system's unfunded actuarial accrued liabilities to exceed a thirty-year amortization. No benefit enhancement provided for by this act shall be implemented by any publicly supported system which has unfunded actuarial accrued liabilities being amortized over a period exceeding thirty (30) years until the unfunded actuarial accrued liability is reduced to a level less than the standards prescribed by Arkansas Code. Title 24.
[3] Section 24-7-718 requires a 30-year amortization period in order for an "increase in benefit formulas" to be effective. A.C.A. §24-7-718(a) (Repl. 2000). This section is the codification of Act 44 of 1991. It is apparent from a review of the act that this provision is dealing with increases other than the cola. Although Act 44 changed the method of calculating the cola by basing it on a "base amount" that is to include "any one-time increase or increases granted by legislative change" (see § 24-7-713(a)(4)), this did subject the cola itself to the financial stricture of the newly created § 24-7-718. Accordingly, I read the financial conditions as applying to any "increases," such as the multipliers and the other special increases addressed in Act 44. See §§ 2 and 3 of Act 44 of 1991.
[4] Even assuming, however, that the legislative intent indeed was to apply the "no benefit enhancement" language to the cola as amended, a question might arise whether the cola can legally be taken away or modified in this manner as to those who were "vested" in the System when the modification was enacted.